## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAFAYETTE DIVISION

| | |
|---|---|
| **MARK ANDERSON** | **DOCKET NO.** |
| **VERSUS** | **JUDGE:** |
| **MICHAEL FASS and QUALITY CONSTRUCTION And PRODUCTION, LLC** | **MAGISTRATE JUDGE:** |
| | **JURY DEMANDED** |

## COMPLAINT FOR DAMAGES

TO THE HONORABLE UNITED STATES DISTRICT COURT IN AND FOR THE WESTERN DISTRICT OF LOUISIANA, LAFAYETTE-OPELOUSAS DIVISION

**COMES NOW**, complainant, Mark Anderson, complaining of Michael Fass and Quality Construction and Production, LLC, seeks to hereby obtain all damages as may be authorized by law, resulting from an action in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e), *et seq.* and §1981.

1.

This being a civil action arising under the constitutional laws of the United States, to address the deprivation of complainant's rights to be free from a discriminatory intimidation, ridicule, and insult. Further, complainant invoked the supplemental jurisdiction of the court granted pursuant to the provisions of 28 U.S.C. §1367, for the state tort claim, which arises out of the same transaction or occurrence and nucleus of operative facts as the original claim.

## FACTS

2.

Complainant, Mark Anderson, is a citizen of the United States and a resident of Lafayette, Lafayette Parish, State of Louisiana.

3.

Made defendants herein are:

a. **MICHAEL FASS**, upon information and belief, a person of the full age of majority and a domiciliary of the State of Louisiana, and who, at all times material hereto, was an employee of Quality Construction and Production, LLC; and

b. **QUALITY CONSTRUCTION AND PRODUCTION, LLC**, upon information and belief, a foreign business corporation authorized to do and doing business in the State of Louisiana.

1

4.

Plaintiff, Mark Anderson, began his employment with Quality Construction and Production, LLC, on August 1, 2014 and most recently worked as a Lead Operator earning $24.00 per hour.

5.

Complainant worked under the direct and immediate supervision of Michael Fass, a supervisor for Quality Construction and Production, LLC.

6.

During complainant's employment at Quality Construction and Production, LLC, Michael Fass, a superior of complainant at all times relevant, began a tortuous practice of racial harassment and discrimination upon complainant which caused him to suffer severe, traumatic injury.

7.

Complainant was subjected to a pattern of conduct in violation of his civil rights and human rights, caused by unreasonable and degrading treatment by Michael Fass in the form of racial harassment, intentional infliction of emotional distress, and ultimately detrimental discrimination which caused serious and irreversible injuries to the Complainant.

8.

In December 2014, upon information and belief, Mr. Fass, asked Plaintiff, "Why your people lazy?"

9.

Plaintiff asked what Mr. Fass meant by that and Mr. Fass replied: "black people."

10.

On another occasion in December 2014, upon information and belief, Mr. Fass stated something to the effect of, "I wish they'd put all niggers in the ropes and put the dogs on them like they did in the old days."

11.

Upon information and belief, Mr. Fass intentionally placed Plaintiff in danger and did not provide him with the proper safety equipment.

12.

As a result of Mr. Fass' intentional discrimination, when a valve exploded in Plaintiff's face, he was severely injured, suffering a concussion and losing the hearing in his left ear.

13.

Plaintiff reported Mr. Fass' discrimination and racial harassment to managing supervisors at the company. Plaintiff requested to be transferred away from Mr. Fass.

14.

Upon information and belief, Plaintiff was discharged from the company in retaliation for reporting the discrimination.

15.

Quality Construction and Production, LLC used Plaintiff's injury as a pretext for his termination.

16.

Plaintiff sets forth that he was discriminated against based on his race as an African American and was retaliated against in violation of Title VII of the Civil Rights Act of 1964.

17.

The actions of Mr. Fass while in the course and scope of his employment as Supervisor at Quality Construction and Production amounts to racial harassing as well as discrimination which led to Plaintiff's serious injury.

18.

Plaintiff was treated differently from other employees as a result of his race and suffered damages because of it.

19.

The termination of plaintiff was done in direct and clear retaliation for the plaintiff reporting the racial harassment he had been subjected to by Mr. Fass.

20.

The actions of the defendants were extreme and outrageous and the defendants desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct. Defendant, Quality Construction and Production, LLC, is liable unto the plaintiff as a result of the acts and omissions of Mr. Fass as well as the directors and/or employees.

21.

Plaintiff submitted his complaint to the Equal Employment Opportunity Commission of

the State of Louisiana, pursuant to law. He received his right to sue letter on March 28, 2016.

## VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

22.

Complainant re-alleges and re-avers each and every allegation contained in paragraphs 1 through 21 of this complaint as fully set forth in this paragraph.

23.

In his supervisory capacity as an employee of Golden Corral Corporation, defendant Michael Fass engaged in acts of racial harassment, racial discrimination and intimidation, and intentional infliction of emotional distress, and he created an intimidating, hostile, and offensive work environment which seriously and permanently adversely affected the physical and psychological well-being of Mark Anderson.

24.

Based upon information and belief, Mark Anderson notified Quality Construction and Production, LLC. of Michael Fass' inappropriate and degrading behavior towards African American employees.

25.

At all times material and relevant, defendant Michael Fass was working within the course and scope of his employment with Quality Construction and Production, LLC. Therefore, Quality Construction and Production, LLC is vicariously liable unto complainant as a result of the acts and omissions of its employee, defendant Michael Fass, for failure to use reasonable care to prevent racial harassment and other despicable conduct of Michael Fass when it knew or should have known of the abuse being endured by Mark Anderson and other employees and for failure to provide a reasonable avenue of reporting racial harassment.

26.

Defendant Quality Construction and Production, LLC is liable unto Complainant as a result of the acts and omissions of its employee for failure to supervise, failure to train, and failure to use reasonable care to prevent the racial harassment and other despicable conduct of its employee when it was notified and knew or should have known of the abuse being endured by their employee, Mark Anderson, and for failure to provide a reasonable avenue of reporting racial harassment.

27.

As a result of the aforesaid incidents, complainant, Mark Anderson, was severely and permanently injured and accordingly, defendants are solidarily liable to Mark Anderson for any past, present, and future medical expenses, benefits, front pay, back pay, loss of enjoyment of life, mental anguish, mental and physical pain and suffering, punitive damages, attorney's fees, and court costs.

28.

Because of the racial harassment and denial of his basic civil rights, complainant was compelled to retain attorneys to insure that this conduct on the part of the defendants do not continue.  Complainant is, at the discretion of this court, entitled to reasonable attorney's fees from the defendants.

**CIVIL LAW AND NEGLIGENCE**

29.

Complainant re-alleges and re-avers each and every allegation contained in paragraphs 1 through 28 of the complaint as set forth in this paragraph.

30.

The acts and omissions of defendant, Michael Fass, hereinabove alleged in detail constitute the intentional infliction of emotional distress under Louisiana Civil Code Article 2315 and the Louisiana Human Rights Act, LSA-R.S. 51:2231, *et seq*.  This court has pendant jurisdiction to hear and adjudicate this claim.

31.

Michael Fass actively desired to bring about the mental anguish suffered by Mark Anderson and realized to a virtual certainty that it would occur.

32.

The atrocious and intolerable actions of Michael Fass complained of herein were designed and intended to inflict mental distress upon Mark Anderson where all such incidents, injuries, and damages occurred without his consent, welcome, acquiescence, or concurrence.

33.

Additionally, defendant Quality Construction and Production, LLC is liable unto complainant due to the negligent hiring and negligent supervision of Michael Fass because said

defendant knew or should have known that Michael Fass discriminated against the African American employees and put them in greater risk of danger than the Caucasian employees.

34.

Complainant further demands a jury trial on all issues so triable as of right by jury.

**WHEREFORE**, premises considered, complainant prays that defendants be cited to appear and answer and that, upon final hearing, judgment be rendered jointly and severally against all defendants, for compensatory damages, exemplary damages, together with court costs, interest as allowed by law, attorney's fees, and any and all further relief, legal or equitable, to which complainant may be entitled.  Complainant further prays for a trial by jury.

Respectfully submitted:

**L. CLAYTON BURGESS, A P.L.C.**
605 West Congress Street
Lafayette, Louisiana 70501
Telephone:  (337) 234-7573
Facsimile:  (337) 233-3890

s/L. Clayton Burgess
**L. CLAYTON BURGESS** (22979)
Attorney for Complainant

6